UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

September 9, 2014

MEMORANDUM TO COUNSEL RE:   Brian Walden v. HRFC, LLC
Civil Action No. GLR-14-2176

Dear Counsel:

Pending before the Court is Plaintiff Brian Walden's Motion to Remand. (ECF No. 8). The Court, having reviewed the papers, finds no hearing necessary. See Local Rule 105.6 (D.Md. 2014). For the reasons outlined below, Walden's Motion will be granted.

On May 29, 2014, Walden filed a complaint in the Circuit Court for Baltimore County, Maryland, alleging Defendant HRFC, LLC ("HRFC") violated his contractual and statutory rights under the Maryland Credit Grantor Closed End Credit Provisions ("CLEC"), Md. Code Ann., Com. Law § 12–1001 et seq. (West 2014). (ECF No. 2). Walden's Complaint does not specify his alleged damages. On July 7, 2014, HRFC removed the case to this Court based on diversity under 28 U.S.C. § 1332(a) (2012). (ECF No. 1). On July 10, 2014, Walden filed a Motion to Remand arguing that the Complaint fails to satisfy the amount in controversy requirement for federal removal jurisdiction. (ECF No. 8).

To satisfy the amount in controversy requirement for federal removal jurisdiction a complaint must present a claim between parties of diverse citizenship that exceeds $75,000. 28 U.S.C. § 1332(a). Where, as here, a plaintiff fails to specify damages in the complaint, the defendant carries the burden to prove by a preponderance of the evidence that the amount in controversy is satisfied for purposes of removal. Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013) cert. denied, 134 S. Ct. 986 (U.S. 2014) (quoting De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)). The parties agree that Walden's potential damages under CLEC total $38,312.24. The issue is whether potential consequential damages in the form of attorneys' fees and the potential award of attorneys' fees under a claim not alleged in the Complaint are properly includable in the calculation of the jurisdictional amount.[1]

HRFC estimates a potential award of attorneys' fees totaling $57,500. HRFC argues when this amount is added to Walden's potential damages under CLEC, the total amount in

---

[1] "Generally, attorney's fees are not included in the amount-in-controversy calculation, but courts have created two exceptions to this rule: '(1) if the fees are provided for by contract; or (2) if a statute mandates or allows payment of attorney's fees.'" Francis, 709 F.3d at 368 (quoting 15–102 Moore's Federal Practice, Civil § 102.106(6)(a)).

controversy exceeds the $75,000 jurisdictional requirement.  In support of its calculation of attorneys' fees, HRFC asks the Court to consider potential fees under a claim not alleged in the complaint, speculates as to this Court's determination of a reasonable hourly rate, and estimates the amount of billable hours for defending Walden in a prior deficiency collection action.[2]  (See Def.'s Opp'n Mot. Remand, at 6-12).  HRFC's ultimate estimate of the amount in controversy, however, is fatally undermined by (1) the wholly unsupported assumption that Walden may seek an award of attorneys' fees under the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13–101 et seq. (West 2014), a claim not alleged in the Complaint; and (2) a wholly speculative calculation of attorneys' fees incurred by Walden as a result of HRFC's alleged breach of contract[3].

Thus, on the record as it stands, HRFC has failed to satisfy its burden of showing that the amount in controversy is sufficient to meet the Court's jurisdictional requirements.  Accordingly, this case is hereby REMANDED to the Circuit Court for Baltimore County, Maryland.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
George L. Russell, III
United States District Judge

---

[2] Walden's breach of contract claim is based on HRFC's having filing a lawsuit in attempt to collect an allegedly inflated deficiency balance on his CLEC credit account.  HRFC argues because it was reasonably foreseeable that Walden would retain counsel to defend him in the prior action, an award of attorneys' fees is a reasonably foreseeable consequential damage caused by its alleged breach of contract.  (See Def.'s Opp'n Mot. Remand, at 7, ECF No. 10).

[3] Notwithstanding HRFC's unsupported speculation concerning the reasonableness of the fees and number of billable hours, Walden asserts he did not incur attorneys' fees in conjunction with the deficiency collection action.  (See Pl.'s Reply Supp. Mot. Remand, at 3, ECF No. 12).